The Honorable Donald Ray State Representative 315 Remmel Newport, Arkansas 72112
Dear Representative Ray:
This letter is a response to your request for an opinion regarding Act 786 of 1993. Your correspondence has raised the following questions:
 (1) Did the U.S. Supreme Court's decision in Miller v. Johnson, 132 L.Ed.2d 762 (1995), invalidate Arkansas' Act 786 of 1993?
 (2) If not, does Act 786's mandate that the affected school districts create new voting zones in compliance with the federal Voting Rights Act require those school districts to utilize race as the "predominant, overriding factor" in creating the new voting zones?
RESPONSE
Question 1 — Did the U.S. Supreme Court's decision in Miller v. Johnson,132 L.Ed.2d 762 (1995), invalidate Arkansas' Act 786 of 1993?
It is my opinion that the U.S. Supreme Court's decision in Miller v.Johnson, 132 L.Ed.2d 762 (1995), did not have the effect of invalidating Arkansas' Act 786 of 1993.
In Miller, the U.S. Supreme Court held a congressional redistricting plan in Georgia to be unconstitutional, because the plan was based predominantly on race and was not shown to serve any compelling governmental interest.
Arkansas' Act 786 of 1993 requires that school districts having a ten percent or greater minority population be divided into single-member zones for the election of school board members. However, the Act sets forth no requirements as to the basis upon which the newly created voting zones are to be drawn. More specifically, it sets forth no requirement that the new voting zones mandated therein be drawn predominantly on the basis of race. The requirements of the Act, therefore, are not analogous to the redistricting plan that the U.S. Supreme Court addressed in Miller v.Johnson. Accordingly, I must conclude that the facial requirements of the Act are not affected by the Miller decision.
Question 2 — If not, does Act 786's mandate that the affected schooldistricts create new voting zones in compliance with the federal VotingRights Act require those school districts to utilize race as the"predominant, overriding factor" in creating the new voting zones?
It is my opinion that Act 786's mandate of compliance with the federal Voting Rights Act does not require the affected school districts to utilize race as the "predominant, overriding factor" in creating the new voting zones.
The Voting Rights Act [42 U.S.C. § 1971 et seq.] sets certain general parameters for the protection of the fundamental right of all citizens to vote. Those general parameters do not include a requirement that race ever be used as a "predominant, overriding factor" in fashioning any remedy for past deprivations. Indeed, it is significant in this regard that having found the use of race as a predominant, overriding factor in redistricting to be unconstitutional, the Miller Court rejected the claim that such use was necessary for compliance with the Voting Rights Act. The Court stated: "It takes a shortsighted and unauthorized view of the Voting Rights Act to invoke that statute, which has played a decisive role in redressing some of our worst forms of discrimination, to demand the very racial stereotyping the Fourteenth Amendment forbids." Miller,132 L.Ed.2d at 787.
In sum, therefore, I must conclude that the Miller v. Johnson decision does not invalidate Arkansas' Act 786, and that Act 786's mandate of compliance with the federal Voting Rights Act does not impose a requirement that race be used as a predominant, overriding factor in drawing the voting zones required by Act 786.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh